OPINION OF THE COURT
Eli H. Mellan, J.
Upon the foregoing papers this motion is for an order seeking to dismiss simplified traffic informations based upon the failure to provide a supporting deposition.
The facts involved are the following: on May 27,1982 the defendant received two simplified traffic informations, one for violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law and the other for a violation of section 319 of the Vehicle and Traffic Law, the first being for speeding and the second for operating a motor vehicle without insurance coverage. The return date of these summonses, or simplified traffic informations, was July 1, 1982. By letter dated July 1,1982, addressed to this court, the attorney for the defendant entered pleas of not guilty, and simultaneously requested a supporting deposition. The matter was scheduled for trial for August 16, 1982.
CPL 100.25 sets forth that a defendant, arraigned upon a simplified information, is entitled as a matter of right to a supporting deposition of the complaining police officer if a request is made before the entry of the plea of guilty, or within 30 days after making a plea of not guilty, or before the commencement of the trial, whichever of these events occurs first. There is no question in this instance of the *551 timeliness of the demand since the request for a supporting deposition came simultaneously with the entry of the plea of not guilty.
Apparently when the trial date arrived, on August 16, 1982, the defendant not having received the supporting deposition adjourned the trial to afford the defendant an opportunity to make a motion to dismiss for the failure to receive a supporting deposition.
The District Attorney in opposition to the motion argues that the issue is moot since the defendant did in fact receive the supporting deposition. Although it did not appear in the District Attornéy’s affidavit, the reply affirmation states that the supporting deposition was received by mail on Tuesday, August 17, 1982, the day after this matter was scheduled for trial; however, the attorney for the defendant personally received the copy of the supporting deposition on August 16, 1982, on which date the case was expected to proceed to trial. The District Attorney states that the People were ready on that date, and that the defendant sought the adjournment solely for the purpose of making this motion.
The statute is clear. It specifically states that the service in order to be timely must be “before commencement of a trial”. A trial is commenced when a witness is sworn. In this case not only was the trial not commenced but it was adjourned after the defendant received the supporting deposition. The court does not believe that the provisions of the law were set forth in order to provide a game of technicalities. Had the People delayed the providing of the supporting deposition until after the date that the matter was scheduled for trial, there would be merit to the defendant’s position, but the defendant having actually received the supporting deposition in a timely fashion in accordance with the provisions of the statute, he could have sought an adjournment to allow him further time to prepare but to dismiss this matter for these reasons would be inappropriate, notwithstanding the case depended upon by the defendant in People v Mercurio (93 Misc 2d 1126).
For the foregoing reasons, the motion herein is denied and the matter is placed on the calendar for trial in the *552 Central Traffic Court, Part I, of this court, on September 29, 1982.